NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND MARTINEZ, | ) | No. C 02-1514 PJH (PR) |
| Petitioner, | ) | DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | ) | |
| CLAUDE E. FINN, Warden, | ) | |
| Respondent. | ) | |

This is a habeas corpus case filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner did not file a traverse. The matter is submitted.

## BACKGROUND

A Santa Clara County jury convicted petitioner of possession of ammunition as an ex-felon, see Cal. Penal Code § 245 (a)(2), and possession of less than 28.5 grams of marijuana, see Health & Safety Code, § 11357 (b). Taking into account sentence enhancements for a prior "strike" conviction and for having served a prior prison term, the court sentenced petitioner to five years in prison and a $100 fine. The California Court of Appeal affirmed petitioner's convictions and sentence and the California Supreme Court denied his application for review.

## STANDARD OF REVIEW

The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), so the provisions of that act apply to it.

Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499-1500 (9th Cir.), cert. denied, 522 U.S. 93 (1997) ("justice and judicial economy are better served by applying the Act to cases filed after the enactment date.").  Under the AEDPA, a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, Williams (Terry) v. Taylor, 529 U.S. 362, 407-09 (2001), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 123 S. Ct. 1029, 1041 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  Williams (Terry), 529 U.S. at 412-13.  A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  Id. at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ.  Id. at 409.

## DISCUSSION

2

1  Petitioner's only claim is that the trial court violated his Fourteenth Amendment
2  Due Process rights and his Sixth Amendment right to trial by jury by instructing the jury
3  with CALJIC 17.41.1.  As given to the jury, the instruction provides that:

> The integrity of a trial requires that jurors at all times during
> their deliberations, conduct themselves as required by
> these instructions.  Accordingly, should it occur that any juror
> refuses to deliberate or expresses an intention to disregard
> the law or to decide the case based on [penalty or
> punishment], or any [other] improper basis, it is the
> obligation of the other jurors to immediately advise the
> Court of the situation.

Ex. CT at 84.

Petitioner argues that the instruction compromised what he contends is his due process right to have the jury engage in a private thoroughgoing exchange of ideas during its deliberation.

The Ninth Circuit Court of Appeals has rejected this claim, holding that giving CALJIC 17.41.1 is not contrary to, or an unreasonable application of, clearly established United States Supreme Court authority.  Brewer v. Hall, 378 F.3d 952, 955-57 (9th Cir. 2004).  Therefore, petitioner's sole claim is without merit.

## CONCLUSION

The petition for a writ of habeas corpus is DENIED.  The clerk shall close the file.

IT IS SO ORDERED.

Dated:  June 27, 2005.

*/s/ PJH*

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.02\MARTINEZ514.RUL

3